UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,

v.                                            CASE NO. 8:06-CV-2048-T-17MSS

BANKSTREET BUILDERS,
INC., et al.,
    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

    THIS CAUSE is before the Court on Defendants', J. David Collins and L.C. Jones, Motion to Dismiss, (Docket No. 16) and response thereto (Docket No. 19). The motion to dismiss asserts that the complaint fails to state a claim upon which relief can be granted as to the defendants Collins and Jones.

Standard of Review

    A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumer v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

CASE NO. 8:00-CV-128-T-17A

In deciding a motion to dismiss, the court may only examine the four corners of the plaintiff's complaint.  See Rickman v. Precisionaire, Inc., 902 F. Supp. 232, 233 (M.D.Fla. 1995).  "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low."  Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).  In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff.  See Howery v. Nisus, Inc., 910 F. Supp. 576 (M.D.Fla. 1995).  However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate.  See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

Conclusion

The Court has reviewed the complaint in this cause in light of the assertions of the motion to dismiss and the response, and finds the plaintiff's arguments persuasive.  The complaint is sufficient to withstand the attack of the motion to dismiss.  Accordingly, it is

**ORDERED** that Defendants' J. David Collins and L.C. Jones,  Motion to Dismiss, (Docket No. 16) be **DENIED** and Defendants shall have ten (10) days to answer the complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 26th day of April, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record